# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Nicholas James Willing, | 2:23-cv-00857-GMN-MDC |
| Plaintiff(s), | **Report and Recommendation** |
| vs. | |
| Fed Judge (RFB) et al., | |
| Defendant(s). | |

Pro se plaintiff, Nicholas Willing, is an incarcerated individual who filed an application to proceed *in forma pauperis* (IFP). ECF No. 1. The Court granted the IFP application and ordered plaintiff to pay the initial partial filing fee. ECF No. 7. Since plaintiff has paid the initial partial filing fee (ECF No. 8), this Court now screens his complaint (ECF No. 1-1). It is recommended that plaintiff's complaint be dismissed.

## Discussion

I.   **Whether Plaintiff's Complaint States a Plausible Claim**

   a.   **Legal Standard**

Upon granting a request to proceed *in forma pauperis*, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e). The Court will review the complaint to determine whether the complaint is frivolous, malicious, fails to state a claim in which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter, 668 F.3d 1108, 1112*

*(9th Cir. 2012)* A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed *pro se* is "to be liberally construed" and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, **unless** it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added). At issue is whether plaintiff's complaint states a plausible claim for relief.

    **b. Complaint**

The proposed complaint (ECF No. 1-1) names as defendants: Judge Richard F. Boulware, Judge Brenda Weksler, Judge Andrew P. Gordon, Judge Daniel J. Albregts, and Former Judge Peggy A. Leen. Plaintiff asserts a Section 1983 claim challenging the constitutionality of Senate Bill No. 182 and alleging a violation of his Fourteenth Amendment. *Id*.[1,2] Plaintiff seeks: (1) "[one] million a year for the 13 years [as a kidnapped victim] from each defendant; (2) criminal investigation on this issue; and (3) a trial ASAP."

    **i. Failure to state a claim upon which relief can be granted.**

If a Section 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through similar proceeding. *See Heck*

---

[1] It should be noted that Plaintiff marked the Court as having jurisdiction under 28 U.S.C. § 1331, however he notes in his complaint that "this [section] 1983 is being submitted to the same court that has officers committing treason…" ECF No. 1-1 at 5.

[2] It should also be noted that Plaintiff marked that he had not filed any previous lawsuits while incarcerated, but also states in his complaint that he had filed three different pleadings. ECF No. 1-1 at 2. Upon further research, all three pleadings were done while Plaintiff was incarcerated. Plaintiff lists: 2:14-cv-01194; 2:16-cv-02131; and 2:22-cv-00733.

*v Humphrey*, 512 U.S. 477, 483-87 (1994). Under *Heck*, a party who is convicted of a crime is barred from bringing suit under a Section 1983 if judgment in favor of that party would necessarily imply the invalidity of conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 582 (9th Cir. 2007) (citing *Heck,* 512 U.S. at 487).

Although Mr. Willing does not explicitly challenge his conviction, the Court liberally construes his claims and allegations to challenge his conviction. In addition to challenging the constitutionality of Senate Bill No. 182, Mr. Willing also manifestly challenges his overall confinement.  Thus, Mr. Willing alleges that he has been "held captive as a kidnapped victim" and that he has been "deprived of due process, equal protection, and the [Fourteenth] Amendment." Claims or challenges to the validity or duration of confinement are matters of habeas corpus relief per 28 U.S.C. § 2254. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016).  Because Mr. Willing is still incarcerated and has not shown that his conviction has been invalidated, he cannot challenge his confinement and conviction under Section 1983. A plaintiff cannot make claims for both civil rights violations per 42 U.S.C. §1983 and for habeas corpus relief per 28 U.S.C. § 2254 in the same action. *Nettles*, 830 F.3d at  927 (reiterating that "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration").  As such, Mr. Willing's Section 1983 action challenging his confinement is legally barred.[3]

        **ii.   The Defendants.**

---

[3] Mr. Willing already filed a separate petition writ of habeas corpus, 2:14-cv-01194-RFB-EJY, that was denied (ECF No. 149) in December of 2023. Mr. Willing has since filed a notice of appeal (ECF No. 151) of the order. Upon review, the current action is an apparent habeas action dressed up as a Section 1983 action.

The complaint should be dismissed because Mr. Willing's claims for money damages against the named judicial defendants are barred as a matter of law. Judges are entitled to absolute judicial immunity for acts performed in their official capacity. *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002). Judicial immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives…or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'" *Id.* (citations omitted). "Judicial immunity discourages collateral attacks on final judgments through civil suits, and thus promotes the use of 'appellate procedures as the standard system for correcting judicial error.'" *Id.* (citation omitted). "The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive, or other equitable relief." *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996). The claims against the judicial defendants in this action are for money damages and arise from defendants' judicial action during the course of judicial proceedings. Therefore, Mr. Willing cannot state a claim against the named defendants as a matter of law and his complaint should be dismissed. *See id.*

    **c.**    **Recommendation to Dismiss Complaint**

Although *Cato* states that *"*the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies," it also states that such leave is given "**unless** it is clear from the face of the complaint that deficiencies **could not be cured through amendment**." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added).

Mr. Willing cannot cure the deficiencies in his complaint. The deficiencies are based upon legal authority that precludes both the claims and defendants, and not caused by inadequate factual pleading that may be cured. Mr. Willing cannot bring an action for habeas corpus in this current Section 1983 action., *Nettles*, 830 F.3d at 927. Additionally, Mr. Willing cannot seek monetary relief from persons who are immune to such relief; and cannot demand for a criminal investigation for judges who are entitled to absolute judicial immunity.

For the foregoing reasons, it is recommended that Mr. Willing's complaint be dismissed because amendment would be futile. *See Deere v. Brown*, No. 11CV1579 WQH JMA, 2012 WL 4740328, at *3 (S.D. Cal. Oct. 3, 2012); *see also Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

ACCORDINGLY,

IT IS RECOMMENDED that the Complaint (ECF No. 1-1) is DISMISSED WITHOUT LEAVE TO AMEND.

The Court CAUTIONS plaintiff Mr. Willing that continuing to file duplicative and/or frivolous lawsuits may result in adverse consequences, including possible sanctions or finding that he is a vexatious litigant.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiff must immediately file written notification with the

court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

DATED this 31st day of January 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge