1

2

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

3

4

NICHOLAS JAMES WILLING,                    )
                                           )
5              Plaintiff,                   )       Case No.: 2:23-cv-00857-GMN-MDC
       vs.                                 )
6                                          )       **ORDER ADOPTING R&R, DENYING**
FED JUDGE (RFB), *et al.*,                  )       **MOTION FOR RECUSAL, AND**
7                                          )       **DENYING MOTION TO STRIKE**
               Defendants.                 )
8 _____)

9          Pending before the Court is Magistrate Judge Maximiliano D. Couvillier III's Report

10  and Recommendation ("R&R"), (ECF No. 15), recommending that the Court dismiss Plaintiff

11  Nicholas James Willing's Complaint without leave to amend.  Plaintiff filed an Objection,

12  (ECF No. 17).

13          Also pending before the Court is Plaintiff's Motion for Recusal, (ECF No. 20), and

14  Motion to Strike, (ECF No. 21).

15          For the reasons discussed below, the Court **DENIES** Plaintiff's Motion for Recusal,[1]

16  **DENIES as moot** Plaintiff's Motion to Strike,[2] **DENIES** Plaintiff's Objection, and **ADOPTS**

17  the Magistrate Judge's R&R.

18  _____

19  [1] The Court previously denied Plaintiff's earlier Motion for Recusal. (Order Denying Mot. Recusal, ECF No.
20  11).  In his renewed Motion, Plaintiff asserts that the undersigned and Magistrate Judge Couvillier should recuse
    because they are colleagues and "coconspirators" of the defendants.  But even "where a litigant has sued all of
    the judges in a district, the rule of necessity allows one of the judges sued to preside over the case." *Snegirev v.*
21  *Sedwick*, 407 F. Supp. 2d 1093, 1095 (D. Alaska 2006).  The Court again finds that a "reasonable person with
    knowledge of all the facts" would not conclude that the "judge's impartiality might reasonably questioned" in
22  this instance. *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  The Court therefore DENIES the
    Motion for Recusal.
23  [2] The Court initially adopted the R&R as unopposed because, due to no fault of Plaintiff, his timely filed
    Objection was not transmitted to the Court.  Once the Court was made aware of Plaintiff's Objection, the Court
24  struck its Order adopting the R&R as unopposed. (Order Granting Mot. Strike, ECF No. 19).  Plaintiff's instant
    Motion to Strike requests Docket Entry No. 15, the R&R, to be stricken.  That request is duplicative of his
25  Objection to the R&R.  To the extent Plaintiff requests the Court to strike the Order adopting the R&R as
    unopposed, (ECF No. 16), the Court has already done so.  Accordingly, Plaintiff's Motion to Strike is DENIED
    as moot.

## I.   <u>BACKGROUND</u>

Plaintiff is *pro se*[3] and currently incarcerated.  He asserts a Section 1983 claim challenging the constitutionality of Senate Bill No. 182 and alleging a violation of his Fourteenth Amendment rights. (*See generally* Proposed Compl., ECF No. 1-1).  His Complaint appears to challenge his conviction, claiming he has been "held captive as a kidnapped victim." (*Id.* at 7); (*see also* R&R 3:5–11, ECF No. 15).  Plaintiff names several district and magistrate judges of this Court as defendants. (*See generally* Proposed Compl.).  The undersigned is not among those sued.

## II.   <u>LEGAL STANDARD</u>

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. D. Nev. R. IB 3-2(b).

## III.   <u>DISCUSSION</u>

The Magistrate Judge recommends dismissing the Complaint without leave to amend because the Complaint contains deficiencies "based upon legal authority that precludes both the claims and defendants, and not caused by inadequate factual pleading that may be cured." (R&R 4:20–22, ECF No. 15).  Specifically, to the extent Plaintiff's Complaint challenges his conviction and confinement, "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016).  Moreover, "*Heck* bars a plaintiff from bringing suit under § 1983 if 'a judgment in favor of the plaintiff would

_____

[3] In light of Plaintiff's *pro se* status, the Court liberally construes his filings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

necessarily imply the invalidity of his conviction or sentence.'" *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).  Lastly, judges are entitled to absolute immunity for acts performed in their official judicial capacity. *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002).

Plaintiff's Objection to the R&R does not provide any legal sources refuting these basic propositions.  Instead, Plaintiff broadly accuses judges of acts of treason and obstruction of justice and asserts that judicial immunity is an "erroneous claim." (Obj. at 2, 6, ECF No. 17).  Reviewing Plaintiff's Objection and the R&R *de novo*, the Court agrees with the Magistrate Judge's recommendation.  Plaintiff fails to state a claim upon which relief can be granted because his claims are legally barred and the defendants named are entitled to judicial immunity.  These legal deficiencies cannot be cured through amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  Accordingly, the Court ADOPTS the R&R and DISMISSES the Complaint with prejudice and without leave to amend.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Recusal, (ECF No. 20), is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Strike, (ECF No. 21), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 15), is **ACCEPTED and ADOPTED in full**.  **IT IS FURTHER ORDERED** that the Objection, (ECF No. 17), is **DENIED.**

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED with prejudice**.  **The Clerk's Office is kindly instructed to close this case.**

Dated this __21__ day of May, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court