UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Nicholas James Willing,<br><br>                Plaintiff,<br><br>vs.<br><br>Fed Judge (RFB), et al.,<br><br>                Defendants. | 2:23-cv-00857-GMN-MDC<br><br>**ORDER DENYING AND STRIKING MOTIONS** |

Pending before the Court are a *Motion to Strike* (ECF No. 30) and a *Motion of Notification* (ECF No. 31). The Court finds that these two motions are rogue filings, and therefore strikes them from the docket.

**DISCUSSION**

**I. BACKGROUND**

Plaintiff initiated this action back in May 2023. *ECF No. 1*. On May 21, 2024, his complaint was dismissed with prejudice and the case closed. *ECF No. 22.* In August 2024, plaintiff filed new motions seeking preliminary injunction, temporary restraining order, and "pleading special matters." *See ECF Nos. 24-27.* The motions were denied, and the case was ordered to remain closed. *See ECF Nos. 28, 29.* Plaintiff has now filed a *Motion to Strike* (ECF No. 30) and *Motion of Notification* (ECF No. 31) despite the order that the case is closed. *See ECF Nos. 30, 31.*

**II. LEGAL STANDARD**

In addition to striking material under Rule 12(f), district courts have authority to strike an improper filing under their inherent power to control the docket. *E.g., Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Metzger v. Hussman*, 682 F. Supp. 1109, 1110-11 (D. Nev. 1988). "Striking material under the Court's inherent power is wholly discretionary." *Fed. Nat'l Mortg. Assoc. v. Willis*, 2016 U.S. Dist. LEXIS 142521, 2016 WL 11247554, at *2 (D. Nev. Oct. 14, 2016). "In deciding whether to exercise that discretion, courts consider whether striking the filing would 'further

the overall resolution of the action,' and whether the filer has a history of excessive and repetitive filing that have complicated proceedings." *Benson v. Nevada*, 2017 U.S. Dist. LEXIS 52095, at *2 (D. Nev. Apr. 4, 2017).

**III. ANALYSIS**

As stated above, the complaint was dismissed with prejudice and the case closed. Plaintiff has provided no authority to justify either reopening this case or grant his motions. Plaintiff has no active claims nor case in this matter. Thus, plaintiff's filings are improper and deemed to be rogue filings. Thus, the Court denies and strikes these documents.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion to Strike* (ECF No. 30) is DENIED and is stricken from the docket.

2. The *Motion of Notification* (ECF 31) is DENIED and is stricken from the docket.

DATED this 21st day of February 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.